State, Warren Manufacturing Co., pros., v. Warford, Collector.

THE STATE, THE WARREN MANUFACTURING COMPANY, PROSECUTORS, v. CHARLES WARFORD, COLLECTOR OF TAXES OF THE TOWNSHIP OF ALEXANDRIA, IN THE COUNTY OF HUNTERDON.

37 397
53 542
37 397
56 453
37 397
58 298

1. Where the real estate of a corporation is situate partly in one township and partly in another, and is occupied by the corporation, it will be subject to taxation in the township where the corporation resides.
2. The residence of the corporation, for the purposes of taxation of its real estate will be in the township in which their principle office is.

State, Warren Manufacturing Co., pros., v. Warford, Collector.

On *certiorari*.

Argued at November Term, 1874, before Justices VAN. SYCKEL and WOODHULL.

For the plaintiffs, *J. G. Shipman.*

For the defendant, *J. N. Voorhees* and *Richey.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The Warren Manufacturing Company was incorporated by an act of the legislature of this state,. approved March 11th, 1873.   (*Laws*, 1873, *p.* 1040.)   The subscribers to the stock paid the full amount of their subscription by conveying to the company, by deed, dated May 12th, 1873, about three hundred and twenty-five acres of land, with its buildings, machinery, dam and raceway.   The buildings are in the township of Alexandria, in the county of Hunterdon, the lands partly in said township of Alexandria and partly in the township of Greenwich, in the county of Warren.

The corporators met on the 12th of May, resolved to open books of subscription to the capital stock on the 13th, and to organize by the election of its officers on the 24th.

The organization was perfected accordingly, but the company was not prepared to enter upon the business of manufacturing until sometime in the following July.

In May, 1873, the company was assessed in the township of Alexandria for all its real estate and mills, and a like assessment was imposed in the township of Greenwich.   The assessment in Alexandria is certified into this court for review. The prosecutors offered some evidence to show that their principal office was in the township of Greenwich.   Conceding that they have successfully established that fact, can this assessment be sustained?

The 5th section of the incorporating act provides "that the stock or property of said company, of whatsoever nature or kind, shall be deemed personal estate, and shall be transfera-

ble in such manner as shall be prescribed by the by-laws of said corporation."

This section, it is claimed, converts the real estate into personalty for the purposes of taxation, and brings it within the operation of the 7th section of the act of April 11th, 1866, (*Nix. Dig.*, *p.* 952, *pl.* 89,) making it taxable in that township where the principal office is. This provision, which is contained in many charters, can have no influence upon the mode of levying taxation under our general tax law; it was designed simply to authorize the corporate body to prescribe a method in which its stock might be made transferable. As between the shareholder and his transferee, his interest in that part of the valuable assets of the company, which is represented by the real estate, would pass by an assignment of the certificate of stock, but so far as the corporation itself is concerned, its real estate is not, by force of this act, converted into personalty, and no one would suppose that it could be alienated by the company unless it adopted the forms which are ordained for the conveyance of real estate.

The 15th section of the act of 1866 (*Nix. Dig.* 954) subjects all private corporations, except those enumerated, to assessment and taxation at the full amount of their capital stock paid in, and accumulated surplus, and the 23d section provides that the real estate of such corporations shall be assessed to the corporation in the township or ward in which said real estate is located, in the same manner as the real estate of individuals. The intention of the legislature to be drawn from the two sections last referred to, when read in connection with the 7th section, clearly is, that while corporations are to be taxed upon the basis of their capital stock and accumulated surplus, where their principal office is located, so much of their capital and surplus as is represented by real estate shall not be withdrawn from liability to taxation in the township in which it may lie, but shall yield its revenue to the locality where it is situated, under certain specified conditions. In respect to its real estate, by the 7th section, the corporate body shall be taxed in township or ward in which the lands lie, in the same manner the

as the real estate of individuals. The problem in this case, therefore, will be solved by determining where, under like circumstances, the real estate of individuals would be subject to assessment. When this is ascertained to be in a township or ward different from that in which the principal office is located, the corporation, by virtue of the 23d section, will be entitled to have the amount at which its real estate is assessed deducted from the valuation of its capital stock and accumulated surplus in the township or ward where they are assessed. The 6th section of the same act governs as to the locality in which the real estate of individuals shall be assessed. The rule there prescribed is that all lands shall be assessed in the township or ward in which they are situate, and every person shall be assessed in the township or ward where he resides for all lands there owned or possessed by him within said township or ward, either occupied or unoccupied; and when the line between two townships or wards divide a farm or a lot owned or possessed by the person taxed, the same shall be taxed, if occupied, in the township or ward where the occupant resides; and if unoccupied, each part shall be assessed to the owner thereof in the township or ward in which the same may be, and thus whether such division line be a township, ward or county line.

The difficulty arises in adjudging what is, within the terms of this enactment, the residence of a corporation.

The object of a corporation act is to bestow on a collective body of men, in succession, the character of individuality. An artificial body, thus impressed by legislation with the properties of an individual, is capable of having an habitancy or residence in legal contemplation. Lord Coke says: "Every corporation and body politic residing in any county, riding, city or town corporate, or having lands or tenements in any shire, *quae propriis manibus et sumptibus possident et habent*, are said to be inhabitants there." In *Rex* v. *Gardner*, *Cowper* 79, the Court of King's Bench decided that a corporation came within the description of "occupiers or inhabitants." When a corporation exercises its powers in the state

which gave it being, it is said to be a resident of such state; but when we come to invest this ideal existence with the capacity to have a residence within narrower limits than those of the state, we must construe the word "residence" so as to carry out the spirit and purpose of the particular law to be enforced. Where the lands are in the occupation of a tenant, his residence will fix the place of taxation, and when they are outlying lands, not used for the purposes of the corporation, and untenanted, they will be taxed as unoccupied lands, partly in one township and partly in the other. But when neither of these conditions exist, and they are used for the purposes of the corporation, they are occupied in contemplation of the act concerning taxes, and we then approach the difficulty in the case, and must find the residence in order to settle the rights of the respective townships.

As a general rule a private corporation will be held to reside in the town where its principal office is established. *Angell & Ames*, § 107, and cases cited.

That the legislature regarded this as the residence of a corporation is apparent, from the fact that the 7th section directs that individuals shall be assessed in the township where they reside, and corporations in the township where their principal office is. Residence in either case is intended to control the place of taxation.

The latter part of this section, which provides that the real estate of corporations shall be assessed in the same manner as that of individuals, was intended to preserve the policy of the law, which secures to the township or ward in which a body of land is either wholly or partly located, the revenue to be derived from its taxation. This purpose would have been defeated by making lands, in all cases, assessable where the principal office was established, without regard to the fact whether it was in the same township within which the lands were located. The evidence shows that the only office for the transaction of its financial concerns, which the company had on the 20th of May, 1874, was at Reiglesville, in the township of Greenwich. The fact that this office was not upon the

premises in question cannot affect the result, if, as in this case, it was in one of the two townships in which the real estate is located.

This point was distinctly adjudged in *The State, Boyer, pros., v. Hay, Collector, 2 Vroom* 275.

The residence of the prosecutors was at their principal office, in the township of Greenwich, and they were in occupation of their lands for the purpose of preparing the buildings upon them for the manufacturing of paper, which was the object for which the company was organized. The assessment of the real estate should have been made in Greenwich, and not in Alexandria. The assessment, therefore, in Alexandria must be set aside.

Justice WOODHULL concurred.